STATE EX REL. MATTISON, Respondent, vs. BAUDHUIN, Appellant.*

*May 5—June 1, 1955.*

\* Motion for rehearing denied, with $25 costs, on September 13, 1955.

252

For the appellant there were briefs by *Wickert & Fuhrman* of Milwaukee, and oral argument by *Harold H. Fuhrman*.

For the respondent there was a brief and oral argument by *Walter H. Bender* of Milwaukee.

BROADFOOT, J. Sec. 12.17, Stats., reads as follows:

"No person, firm, or corporation shall knowingly make or publish, or cause to be made or published, any false statement in relation to any candidate, which statement is intended or tends to affect any voting at any primary or election."

The defendant contends that the complaint is fatally defective in that no copy of the alimony card referred to was attached to the complaint and in that it failed to plead the contents of Mr. Sells' letter to which the defendant's article was a reply. We can find no merit in this contention. The charges are based upon what was stated and published by the defendant in his article. The pleading of the other documents is defensive matter and did not have to be incorporated in the complaint.

The defendant next contends that the complaint is fatally defective for the reason that the denial of the alimony charges was in effect a negative pregnant. However, the complaint went further than to deny the statements in the article only as to the exact dates and amounts that appeared therein. In addition, the complaint alleged that Sells was not in fact in arrears in any substantial sum. The complaint sufficiently alleges that it was a false statement.

The defendant also contends that the gravamen of the statement with reference to the alimony card is the same as the statement of Mrs. Sells in her affidavit, which was not denied. This is not a valid objection to the complaint. If one candidate made several false statements about his opponent it would only be necessary to plead and prove the falsity of one of them, together with the other essential elements embraced within the statute, to succeed in the action.

It is next contended by the defendant that the statements complained of are not misstatements of fact but merely opinions, deductions, fears, or suspicions, and a prediction of doom. The defendant relies in particular upon certain language appearing in the case of *State ex rel. Hampel v. Mitten,* 227 Wis. 598, 278 N. W. 431. This court did state therein that where the violations of ch. 12, Stats., are either technical, insubstantial, or trivial, they will not support a judgment of ouster, but that a deliberate, wilful, intentional, and substantial violation of the act carries with it the penalty of ouster. In the *Hampel Case* it was determined that the statements complained of were not sufficiently pleaded as statements of fact, and in that case the order sustaining the demurrer to the complaint was affirmed.

The cases are factually different and the pleadings are materially different. The trial court held that the statements in question, if untrue, constitute a substantial violation of the statutes, and we agree therewith. Under the established

rules of this court, in reviewing the complaint before us, which is challenged by demurrer, we must hold that the complaint alleges facts sufficient to constitute a cause of action, even though some of the allegations were made upon information and belief.

The constitutional objections to the statute raised herein have been considered and determined by this court in prior cases, particularly in *State ex rel. La Follette v. Kohler,* 200 Wis. 518, 228 N. W. 895. A thorough statement of the constitutional objections to ch. 12, Stats., and a discussion of the many cases that have determined the objections to be without merit would unduly lengthen this opinion.

The plaintiff attempts to raise for the first time in this court the contention that a demurrer to a complaint in this type of special proceeding is not a permissible pleading. Although several ouster cases under the provisions of ch. 12, Stats., have been before this court on demurrer it does not appear that the issue has been raised or determined. However, this court has repeatedly refused to allow issues to be raised on appeal that were not raised in the trial court, and under our established practice we refrain now from passing thereon.

*By the Court.*—Order affirmed.